UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


HERB L. FELTON                    :
                                  :    NO. 1:01-CV-00488
          Petitioner,             :
                                  :
                                  :    **ORDER**
     v.                           :
                                  :
                                  :
PATRICK HURLEY,                   :
                                  :
          Respondent.             :
                                  :


          Proceeding <u>pro se</u>, Petitioner Herb L. Felton ("Felton")
filed the instant petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 on July 23, 2001, raising numerous objections to his
state court conviction and sentence (doc. 1).  The Respondent filed
a return of writ/"Answer" (doc. 3); no further briefing of the
petition was provided.  The assigned Magistrate Judge issued a
Report and Recommendation recommending that the petition be denied
with prejudice (doc. 9).  Felton was served with the Report and
Recommendation and afforded proper notice thereof as required by 28
U.S.C. § 636(b)(1)(C), including notice that failure to file timely
objections to the Report and Recommendation would result in a
waiver of further appeal.  <u>See</u> <u>United States v. Walters</u>, 638 F.2d
947, 949-50 (6th Cir. 1981).  Despite this notice, the Petitioner
has failed to file any objections thereto within the ten days

provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Accordingly, the matter is ripe for decision by this Court.

On June 8, 1999, Felton was indicted by the Hamilton

County grand jury on one count of felonious assault, a violation of

Ohio Rev. Code § 2903.11(A)(2). He was found guilty by a jury and,

on December 2, 1999, was sentenced to a seven-year prison term.

With assistance of counsel, he filed a direct appeal with the First

Appellate District of the Ohio Court of Appeals, raising four

grounds of error in his conviction and sentence.[1] Upon review, the

_____

[1] As the Magistrate Judge noted, these four objections were,
verbatim:

> First Assignment Of Error: Prior counsel was
> ineffective when he disclosed to the trial
> court an allegation that the defendant had
> threatened trial counsel; trial counsel was
> ineffective in not requesting a lesser
> included instruction of aggravated assault;
> trial counsel was ineffective in not
> requesting that the court investigate whether
> two jurors were sleeping and/or one juror was
> sick during critical portions of the trial.

> Second Assignment Of Error: The trial court
> erred to the prejudice of the
> defendant-appellant by allowing the jury to
> convict him when the verdict was against the
> weight of the evidence.

> Third Assignment Of Error: The trial court
> erred to the prejudice of the defendant by
> sentencing him to seven years in the
> penitentiary.

> Fourth Assignment Of Error: The court erred
> to the prejudice of the defendant by not
> giving the proper jury instructions.

appellate court overruled his assignments of error and affirmed the trial court's judgment in all respects.  He then filed a notice of appeal with the Ohio Supreme Court, advancing three grounds of appeal.[2]   The Ohio Supreme Court declined jurisdiction and dismissed the appeal as "not involving any substantial constitutional question" (doc. 3).

Felton now raises four grounds for relief in his instant petition.  They are, verbatim:

> Ground One: Trial court erred by allowing the jury to convict when verdict was against the weight of the evidence.

> Ground Two: Defendant/Petitioner was denied his Sixth Amendment Right to Counsel.

> Ground Three: Petitioner was denied constitutional rights of due process regarding the sentence imposed.

> Ground Four: Improper jury instructions were provided.

(doc. 1).  As the Magistrate Judge properly noted, it appears as though Felton has exhausted all of his available state remedies and that the petition is not subject to dismissal on statute of limitations grounds.

Upon de novo review of the Report and Recommendation

---

(doc. 3).

[2] These three grounds alleged that he was "denied his Sixth Amendment right to counsel...[and] denied his constitutional rights of due process in regard to the sentencing" and that the "court of appeals erred in determining the proper jury instructions were given" (doc. 3).

pursuant to 28 U.S.C. § 636, the Court ultimately finds that the Magistrate Judge's recommendations are well reasoned and correct in all significant respects. First, his "weight of evidence claim" advances a violation of state law rather than a federal due process right; accordingly, it is not cognizable in this proceeding. See 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984). In any case, he procedurally defaulted on any such claim by failing to present it to the Ohio Supreme Court on appeal, rendering it beyond the scope of this Court's habeas review even if the subject matter were within this Court's jurisdiction. See 28 U.S.C. § 2254(b)(1),(c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Harris v. Reed, 489 U.S. 255, 260-62 (1989). He has failed to present any justifiable cause that might excuse him from the default or evidence that failure to consider this claim will otherwise result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Accordingly, he is not entitled to procedural default on this claim.

With respect to his second claim for ineffective assistance of counsel, the Court finds that the Magistrate Judge's lengthy and exhaustive analysis of the merits of this claim is ultimately correct. Felton has failed to demonstrate that the Ohio Court of Appeals's disposition of the two ineffective of counsel claims presented to it violate the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984). Furthermore, with

-4-

respect to similar claims not addressed by the Ohio appellate court, a careful review of the record fails to reveal any facts, in light of current law, that demonstrate that any of the enumerated errors he advances rise to the level of constitutionally objectionable unprofessional conduct by any of his counsel at trial or prejudicially affected the outcome thereof. He is therefore not entitled to habeas relief on this basis.

His third claim fails, in large part, for reasons already discussed.[3] To the extent he challenges his conviction because it violates Ohio's sentencing statute, Ohio Rev. Code § 2929.14(B), it presents an exclusively state law issue not remediable on habeas review. See 28 U.S.C. § 2254(a); Sneed v. Donahue, 993 F.2d 1239, 1244 (6th Cir. 1993). The sentence he received – which was within the limits provided by the applicable statute – is not a cognizable due process violation. See Townsend v. Burke, 334 U.S. 736, 741 (1948); Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000). The remainder of his allegations, including that attorney error or judicial bias lead to an improper sentence, have either been disposed of supra or are entirely unsupported by the record. In sum, all of these claims for relief lack merit.

_____

[3] The Magistrate Judge also properly noted that it is likely that Felton procedurally defaulted on this claim by failing to present it as a federal due process issue to the Ohio Court of Appeals. However, given that this claim fails for other reasons as well that have been fully briefed by the parties, the Court need not decide this issue.

Finally, with respect to his claim that the trial court erred in failing to charge the jury with proper instructions, the Court again agrees with the Magistrate Judge's conclusions.  To the extent that this claim advances state-law grounds, they are not proper matters for this Court's review.  See 28 U.S.C. § 2254(a).  As a matter of federal law, Felten has failed to demonstrate that the jury instructions provided "so infected the entire trial that the resulting conviction violates due process" or that it is reasonably likely that the jury impermissibly applied an ambiguous instruction.  Estelle v. McGuire, 402 U.S. 62, 72 (1991); see also Boyde v. California, 494 U.S. 370, 380 (1990); Cupp v. Naughten, 414 U.S. 141, 146-47 (1973).  In fact, many of the instructions given were provided by the Petitioner.  Furthermore, contrary to his assertions, Felton was not entitled to instruction on the lesser included offense of aggravated assault.  See Scott v. Elo, 302 F.3d 598, 606 (6th Cir. 2002); Bagby v. Sowders, 984 F.2d 792, 796-97 (6th Cir. 1990)(en banc).  Accordingly, all of these claims are also ultimately without merit.

Having disposed of the merits of Petitioner's claims for relief, all that remains for consideration is Felton's right of appeal from this Order.  The Supreme Court of the United States has held that whenever a petitioner seeks to appeal dismissal of a petition after April 24, 1996, his right to do so is governed by 28 U.S.C. § 2253.  See Slack v. McDaniel, 529 U.S. 473, 481-82 (2000).

This statute provides that a petitioner may only appeal a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" if this Court or "a circuit justice" issues a "certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1).  In Slack, the Supreme Court established a two-prong test for determining when a district court should issue a COA in cases where, as here with respect to Felton's claims for relief, the petition is dismissed on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. at 484.  Felton failed to file any objections; accordingly, he failed to advance any substantive argument raising a serious dispute that the procedural ruling adopted by this Court is incorrect.  In any case, the Court has little difficulty concluding that, on these facts, "reasonable jurists" could not "find it debatable" that his initial claim was procedurally defaulted.  Slack, 529 U.S. at 484.  Furthermore, as the Court has noted that this claim is not cognizable, "jurists of reason would [not] find it debatable whether the petition states a valid claim

for the denial of a constitutional right." Id.

Before a certificate of appealability may issue with respect to his remaining claims, the Petitioner bears the burden of making a "substantial showing [that] the denial of a constitutional right" occurred in his case. 28 U.S.C. § 2253(c)(2). On this record, the Court concludes that the Petitioner has failed to demonstrate that reasonable jurists could debate whether his petition states a "valid claim for the denial of a constitutional right" or that his presentation was "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 483-84, quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).

For the foregoing reasons, the Magistrate Judge's Report and Recommendation (doc. 9) is hereby ADOPTED IN ITS ENTIRETY. Petitioner's petition for writ of habeas corpus (doc. 1) is DENIED WITH PREJUDICE. The Court hereby DECLINES to issue a certificate of appealability as to any of Petitioner's claims. Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby CERTIFIES that any appeal of this Order may not be taken in good faith, and Petitioner is therefore DENIED leave to proceed on appeal thereof in forma pauperis.

SO ORDERED.


Date: September 22, 2004 /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge